1
2
3
4
5
6
7
8
9
10
11

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JOSE GARCIA, | ) CV F 06-0847 AWI WMW HC |
|         Petitioner, | ) FINDINGS AND |
| | ) RECOMMENDATIONS RE |
| | ) DISMISSAL OF PETITION FOR |
| **v.** | ) WRIT OF HABEAS CORPUS |
| | ) [Doc. 8] |
| PEOPLE OF THE STATE OF | ) |
| CALIFORNIA, | ) |
| | ) |
|         Respondent. | ) |
| _____ | ) |

20
21

22    Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas

23 corpus pursuant to 28 U.S.C. § 2254. The matter was referred to a United States Magistrate

24 Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72-302. The case proceeds on

25 the first amended petition filed February 22, 2007.

26    A petitioner who is in state custody and wishes to collaterally challenge his

27 conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28

28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives

1   the state court the initial opportunity to correct the state's alleged constitutional deprivations.

2   Coleman v. Thompson, 501 U.S. 722, 731, 111 S.Ct. 2546, 2554-55 (1991);  Rose v. Lundy,

3   455 U.S. 509, 518, 102 S.Ct. 1198, 1203 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th

4   Cir. 1988).

5          A petitioner can satisfy the exhaustion requirement by providing the highest state

6   court with a full and fair opportunity to consider each claim before presenting it to the federal

7   court.  Picard v. Connor, 404 U.S. 270, 276, 92 S.Ct. 509, 512 (1971); Johnson v. Zenon, 88

8   F.3d 828, 829 (9th Cir. 1996).  A federal court will find that the highest state court was given

9   a full and fair opportunity to hear a claim if the petitioner has presented the highest state

10  court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S.Ct.

11  887, 888 (1995) (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719

12  (1992) (factual basis). Additionally, the petitioner must have specifically told the state court

13  that he was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-66, 115 S.Ct. at

14  888; Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998).  For example, if a petitioner

15  wishes to claim that the trial court violated his due process rights "he must say so, not only in

16  federal court but in state court."  Duncan, 513 U.S. at 366, 115 S.Ct. at 888.  A general

17  appeal to a constitutional guarantee is  insufficient to present the "substance" of such a

18  federal claim to a state court.  See, Anderson v. Harless, 459 U.S. 4, 7, 103 S.Ct. 276 (1982)

19  (Exhaustion requirement not satisfied circumstance that the "due process ramifications" of an

20  argument might be "self-evident."); Gray v. Netherland, 518 U.S. 152, 162-63, 116 S.Ct.

21  1074 (1996) ("a claim for relief in habeas corpus must include reference to a specific federal

22  constitutional guarantee, as well as a statement of the facts which entitle the petitioner to

23  relief.").

24         In 1996, Congress enacted the Anti-Terrorism and Effective Death Penalty Act.

25  Pub.L. No 104-132, 110 Stat. 1214.  Under the AEDPA, exhaustion can be waived by

26  Respondent. 28 U.S.C. § 2254(b)(C).  The Court can also excuse exhaustion if "(I) there is

27

28                                            2

1    an absence of available State corrective process; or (ii) circumstances exist that render such a

2    process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B).  In this

3    case, Respondent has not waived exhaustion.  In addition, California provides avenues for

4    Petitioner to pursue state claims.   For example, these claims could have been presented in a

5    Petition for Writ of Habeas Corpus.  See, Cal. Penal Code §§ 1473 - 1475.  Finally, there are

6    not sufficient circumstances in this case for the Court to ignore the United States Supreme

7    Court's admonishment that comity demands exhaustion and find that California's corrective

8    processes are ineffective to protect Petitioner's rights.

9         Petitioner states in his amended petition that the claims raised therein were raised in a

10   habeas corpus proceeding which is still pending before the California Supreme Court.

11   The Court must dismiss a petition that contains unexhausted claims, even if it also contains

12   exhausted claims.  Rose, 455 U.S. at 521-22, 102 S.Ct. at 1205; Calderon v. United States

13   Dist. Court (Gordon), 107 F.3d 756, 760 (9th Cir. 1997) (en banc) *cert. denied*, 118 S.Ct. 265

14   (1997); Guizar v. Estelle, 843 F.2d 371, 372 (9th Cir.1988).   In this case, it appears that none

15   of Petitioner's claims are exhausted.

16        Accordingly, IT IS HEREBY recommended that this petition for writ of habeas

17   corpus be DISMISSED for failure to exhaust state judicial remedies.

18

19        These Findings and Recommendation are submitted to the assigned United States

20   District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule

21   72-304 of the Local Rules of Practice for the United States District Court, Eastern District of

22   California.  Within thirty (30) days after being served with a copy, any party may file written

23   objections with the court and serve a copy on all parties.  Such a document should be

24   captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the

25   objections shall be served and filed within ten (10) court days (plus three days if served by

26   mail) after service of the objections.  The court will then review the Magistrate Judge's

27

28
                                                    3

1    ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file

2    objections within the specified time may waive the right to appeal the District Court's order.

3    Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

4    IT IS SO ORDERED.

5    **Dated:     March 9, 2007**                    _/s/  **William M. Wunderlich**_
     mmkd34                                            UNITED STATES MAGISTRATE JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28