UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSE GARCIA, | ) | 1:06-cv-00847-AWI-JMD-HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING PETITION FOR WRIT OF |
| v. | ) | HABEAS CORPUS |
| | ) | |
| JEANNE WOODFORD, | ) | |
| | ) | |
| Respondent. | ) | OBJECTIONS DUE WITHIN THIRTY DAYS |
| _____ | ) | |

Petitioner Jose Garcia ("Petitioner") is a state prisoner proceeding with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**Procedural History**

Petitioner pleaded guilty to one count of conspiracy to transport controlled substances onto prison grounds on March 7, 2005. (Pet. at 5). The sentencing court sentenced Petitioner to the middle term of four years imprisonment. (Answer, Ex. A). The court ordered Petitioner's sentence to run concurrently and Petitioner received zero time credits. (Id.).

Petitioner filed a petition for writ of habeas corpus in the Kings County Superior Court on February 22, 2006. (Answer, Ex. B). The Superior Court denied the petition on April 3, 2006. (Answer, Ex. C).

On April 27, 2006, Petitioner filed a petition for writ of habeas corpus in the California Court of Appeal; the Court of Appeal denied the petition on May 11, 2006. (Answer, Ex. D).

///

1  Petitioner filed a petition for writ of habeas coprus in the California Supreme Court on June
2  26, 2006. (Answer, Ex. E). The California Supreme Court denied the petition on January 24, 2007.

3  Petitioner filed the instant petition for writ of habeas corpus in the United States District
4  Court, Eastern District of California on July 5, 2006. (Doc. 1). Petitioner filed an amended petition
5  on February 22, 2007. (Doc. 18). Respondent filed an answer to the petition on February 22, 2007.
6  (Doc. 25).

7  On July 10, 2009, the Court ordered Respondent to submit additional materials pursuant to
8  Rule 5 of the Rules Governing Section 2254 Cases. (Doc. 32). Respondent filed a reply to the
9  Court's order on July 30, 2009. (Doc. 33).[1]

## Factual Background

On April 18, 2005, the Kings County District Attorney's office filed a criminal complaint against Petitioner alleging, *inter alia*, that Petitioner conspired with others to introduce narcotics onto prison grounds. (Pet. at 15).

Petitioner appeared before a Superior Court judge on July 14, 2005 and received a plea hearing. (Doc. 33, Attachment 1, Plea Hearing Transcript). Petitioner was represented by counsel at the July 14 hearing. (Id.). Before accepting Petitioner's plea of no contest, the court advised Petitioner as follows:

> On this case, I'm not going to be granting probation because you are already serving a prison sentence. Both attorneys are asking that if you enter this plea, I'd sentence you to the mid term of four years in the California Department of Corections. And I will tell you right now, that is what I plan on doing. If for some reason, I can't sentence you to the four years, I will let you withdraw any plea you've entered up to that point. *The four years sentence will be consecutive to any other sentence you are already serving...*
>
> Mr. Garcia, you could still go to trial on the charges and if you would like to have a trial, you could have a trial in front of a judge or a jury. If we had that trial, the District Attorney would have to bring evidence in to open court and prove beyond a reasonable doubt that you did the things you are accused of in this complaint...You also at the trial would have a right to put on evidence on your side...

---

[1] The Court's July 10 order directed respondent to submit a copy of Petitioner's plea hearing transcript and "brief on appeal before the California Supreme Court." (Doc. 32 at 2). The Court's request for Petitioner's "brief on appeal before the California Supreme Court" was error. The Court intended to request a copy of Petitioner's habeas petition before the California Court of Appeal. However, for reasons discussed fully below, the current record before the Court is sufficient to permit the Court to adjudicate Petitioner's claims.

>    Mr. Garcia, you have been serving these other sentences at all times relevant to toady's proceedings so *you have earned zero days credit on the case that I just took your plea on today and you wouldn't start getting credit on that case until you finish serving the other sentences.*

(Doc. 33, Attachment 1, Plea Hearing Transcript at 5-7) (emphasis added).

**I.      Jurisdiction and Venue**

A person in custody pursuant to the judgment of a state court may file a petition for a writ of habeas corpus in the United States district courts if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a);[2] 28 U.S.C. § 2241(c)(3); *Williams v. Taylor*, 529 U.S. 362, 375, n.7 (2000). Venue for a habeas corpus petition is proper in the judicial district where the prisoner is held in custody. *See* 28 U.S.C. § 2241(d).

Petitioner asserts that his conviction violated his rights under the United States Constitution. Petitioner is currently incarcerated at Kern Valley State prison, which is within the territorial jurisdiction of the United States District Court for the Eastern District of California. 28 U.S.C. § 84. Accordingly, the Court has jurisdiction to entertain Petitioner's petition and venue is proper in the Eastern District. 28 U.S.C. § 2241(c)(3).

**II.     Standard of Review**

Section 2254 "is the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment." *See Sass v. California Board of Prison Terms*, 461 F.3d 1123, 1126 (9th Cir. 2006) (quoting *White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004)). Under section 2254, a petition for writ of habeas corpus may not be granted unless the state court decision denying Petitioner's state habeas petition "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "A federal habeas court may not issue the writ simply

---

[2] The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) applies to all petitions for writ of habeas corpus filed after its enactment. *Lindh v. Murphy*, 521 U.S. 320, (1997); *Jeffries v. Wood*, 114 F.3d 1484, 1499 (9th Cir. 1997), *cert. denied*, 522 U.S. 1008, 118 S.Ct. 586 (1997) (quoting *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir.1996), *cert. denied*, 520 U.S. 1107, 117 S.Ct. 1114 (1997), *overruled on other grounds by Lindh v. Murphy*, 521 U.S. 320, 117 S.Ct. 2059 (1997) (holding AEDPA only applicable to cases filed after statute's enactment). The instant petition was filed after the enactment of the AEDPA and is therefore governed by its provisions.

because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly...rather, that application must be objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003) (citations omitted). Where the state courts provide no reasoned decision, a federal habeas court conducts "an independent review of the record to determine whether the state court was objectively unreasonable in its application of controlling federal law." *Musladin v. Lamarque*, 555 F.3d 830, 835 (9 th Cir. 2009).

No California Court has ever issued a reasoned decision addressing the merits of Petitioner's claim. The Superior Court denied Petitioners state habeas petition by stating that "a habeas corpus petition cannot serve as a substitute for an appeal." (Answer, Ex. C) (citing *In re Dixon*, 41 Cal.3d 756, 759 (1953). The California Court of Appeal stated "Petitioner has failed to state the factual or legal basis for his contention that his sentence was illegal. Morever, Petitioner has failed to show what efforts he undertook to file a timely notice of appeal." (Answer, Ex. D).[3] The California Supreme Court summarily denied Petitioner's state habeas petition. (Answer, Ex. F). Accordingly, the Court must conduct an independent review of the record and determine whether the State Court's denial of Petitioner's claims was objectively unreasonable. *Musladin v. Lamarque*, 555 F.3d at 835.

**III.  Petitioner's Claims**

Petitioner contends that he was denied effective assistance of counsel in connection with his acceptance of his plea agreement. In order to establish a constitutional violation based on ineffective assistance of counsel, Petitioner must demonstrate that his counsel's performance was deficient and

---

[3] Neither the Superior Court's decision nor the Court of Appeal's decision subjects Petitioner's claim to a procedural bar. The procedural bar doctrine applies to claims that a state prisoner has defaulted in state court pursuant to an "independent and adequate" state procedural rule. *See, e.g., Coleman v. Thompson*, 501 U.S. 722, 750 (1991). In order for a state procedural rule to be "adequate" to support the judgment, "the state's legal grounds for its decision must be firmly established and consistently applied." *E.g., King v. LaMarque*, 464 F.3d 963, 965 (9th Cir. 2006). Under California law, the *general* rule is that habeas corpus cannot serve as a substitute for appeal in the absence of special circumstances, however, "the court may afford collateral relief on constitutional grounds if the petitioner had no opportunity to raise the constitutional issue at trial and on appeal." *In re Tedwell*, 251 Cal.App.2d 369, 373 (Cal. Ct. App. 1967). It is not clear that the *Dixon* rule is "adequate" for purposes of procedural bar. *See Calderon v. U.S. Dist. Court*, 96 F.3d 1126, 1131 (9th Cir. 1996) (comparing cases). Further, the Superior Court's order is ambiguous in that it purports to deny Petitioner's petition for "both reasons" while discussing only the *Dixon* rule. (Answer, Ex. C at 1). A "procedural default based on an ambiguous order...is not sufficient to preclude federal collateral review." *E.g., Lambright v. Stewart*, 241 F.3d 1201, 1205 (9 th Cir. 2001) (citations omitted). Finally, the Court notes that even if *Dixon* is generally "adequate" for purposes of procedural bar analysis, application of the *Dixon* rule is far from "firmly established" in the context of cases such as Petitioners. Petitioner waived his right to appeal his conviction in connection with his no contest plea. (Doc. 33, Attachment 1, Plea Hearing Transcript at 9). Thus, the State Courts' assertion that Petitioner could have appealed his conviction is puzzling.

that Petitioner was prejudiced as a result of the deficient performance. *E.g., Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish deficient performance, Petitioner must show that counsel's representation fell below an objective standard of reasonableness, and must identify counsel's alleged acts or omissions that were not the result of reasonable professional judgment considering the circumstances. *Id.* at 688; *United States v. Quintero-Barraza*, 78 F.3d 1344, 1348 (9th Cir. 1995). Judicial scrutiny of counsel's performance is highly deferential. A court indulges a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. *Strickland,* 466 U.S. at 687; *Sanders v. Ratelle*, 21 F.3d 1446, 1456 (9th Cir. 1994). In order to establish prejudice, Petitioner must show that there is a "reasonable probability that, but for counsel's errors, [Petitioner] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985) (emphasis added).

Petitioner contends that his counsel was ineffective for various reasons, including: 1) counsel mischaracterized the likely outcome of a jury trial; 2) counsel pressured petitioner to take the plea deal by stating that the deal would expire the same day it was offered; 3) counsel failed to seek a more favorable plea agreement; 4) counsel failed to investigate "how weak" the prosecutions case was; and 6) counsel failed to inform Petitioner that his sentence would run consecutively. Here, as in State court, Petitioner presents no evidence in support of his conclusory allegations regarding his counsel's conduct and thus fails to meet his burden of establishing a constitutional violation. *See, e.g., Baylor v. Estelle*, 94 F.3d 1321, 1325 (9th Cir. 1996) (noting that petitioner bears burden of establishing violation). Further, the Court finds that Petitioner did not exercise reasonable diligence in presenting the factual basis for his claim before the State courts and is thus precluded from presenting additional evidence before this Court. 28 U.S.C. § 2254(e)(2); *Williams v. Taylor*, 529 U.S. 420, 432 (2000). Petitioner did not articulate the factual basis for his ineffective assistance of counsel claims in his state habeas actions, and most of Petitioner's precise allegations regarding counsel's conduct are raised for the first time here in federal court. (*See* Answer, Exs. C, D, and E). Petitioner also failed to request an evidentiary hearing on his claims in the State courts. *See Williams,* 529 U.S. at 437 ("Diligence will require in the usual case that the prisoner, at a minimum, seek an evidentiary hearing in state court in the manner prescribed by state law").

1    Based on the record, the Court cannot say that the State Court's denial of Petitioner's
2 ineffective assistance of counsel claim was objectively unreasonable.  Because Petitioner failed to
3 exercise reasonable diligence in developing the factual basis for his claims in the State courts, the
4 Court is precluded from taking additional evidence on Petitioner's claims.  28 U.S.C. § 2254(e)(2).
5 Accordingly, the Court may not grant Petitioner relief on his ineffective assistance of counsel claims.
6    Petitioner also raises what appears to be an unexhausted claim that his sentence violates his
7 due process rights and/or his right to be free from double jeopardy because "his current sentence and
8 conviction was run [sic] consecutive to, and enhanced by, his prior conviction." (Pet. at 7).
9 Petitioner's contention lacks merit.  *See e.g., Lockhart v. Nelson*, 488 U.S. 33, 40-42 (1988)
10 (approving of use of evidence of prior convictions to enhance convicted person's sentence in context
11 of a double jeopardy challenge).

## **RECOMMENDATION**

13    Based on the reasons stated above, the Court RECOMMENDS that the petition for writ of
14 habeas corpus be DENIED WITH PREJUDICE and the Clerk of Court be DIRECTED to enter
15 judgment for Respondent.

16    This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United
17 States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304
18 of the Local Rules of Practice for the United States District Court, Eastern District of California.
19 Within thirty (30) days after being served with a copy, any party may file written objections with the
20 court and serve a copy on all parties.  Such a document should be captioned "Objections to
21 Magistrate Judge's Findings and Recommendation."  Replies to the objections shall be served and
22 filed within ten (10) court days (plus three days if served by mail) after service of the objections.
23 The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(c).  The
24 parties are advised that failure to file objections within the specified time may waive the right to
25 appeal the District Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

27 IT IS SO ORDERED.

28 **Dated:   August 20, 2009          /s/ John M. Dixon**

UNITED STATES MAGISTRATE JUDGE